**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOV 23 2009

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Luis TJ Leal, Sr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. **09 2219** |
| v. ) | |
| ) | |
| Securities and Change Commission et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on consideration of plaintiff's pro se complaint and application to proceed in forma pauperis. The court will grant the application, and dismiss the complaint without prejudice for failure to meet the minimum requirements of Federal Rule of Civil Procedure 8.

Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure states the minimum requirements for complaints. Fed. R. Civ. P. 8(a). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. The minimum requirements Rule 8 imposes are designed to provide a court with sufficient information to determine whether it has jurisdiction over the claims, and to provide defendants with sufficient notice of the claims being asserted in order to allow

defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of res judicata applies. *See Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

While the instant complaint does not expressly assert any basis for federal jurisdiction, it appears that the court may have diversity jurisdiction over this action, as the plaintiff appears to be a citizen of Ohio, the defendants appear to be citizens of Washington, D.C., and the amount in controversy appears to include the value of "the Fox network," *see* Complaint at 1-2, which is well in excess of the minimum jurisdictional requirement of $75,000. *See* 28 U.S.C. § 1332(a). As drafted, however, the complaint does not contain "a short and plain statement showing that the plaintiff is entitled to relief," Fed. R. Civ. P. 8(a), and the court cannot discern what claims plaintiff is pursuing against which defendants on what grounds, or even what protected personal interest the plaintiff is seeking to enforce. In other words, the court cannot discern the plaintiff's cause of action. As drafted, the complaint does not provide sufficient notice to the defendants of the claims so that they may prepare a proper defense. Accordingly, the complaint will be dismissed without prejudice for failure to comply with the requirements of Rule 8.

A separate order accompanies this memorandum opinion.

Date: 11/3/09

United States District Judge